[No. 8447. Department Two.—June 23, 1885.]

## WM. D. HENDERSON, RESPONDENT, v. JOANNA NICHOLAS ET AL., APPELLANTS.

PARTNERS—APPROPRIATION OF WATER—CONVEYANCE BY PARTNER.—One partner in a water-right acquired by appropriation cannot convey the interest therein of his copartner.

APPEAL from a judgment of the Superior Court of Calaveras County, and from an order refusing a new trial.

The action was brought to restrain the defendants from interfering with plaintiff's right to the use of the waters of a certain creek. The further facts are stated in the opinion of the court.

*J. B. Lamar*, for Appellants.

*W. K. Boucher*, and *J. G. Severance*, for Respondent.

THORNTON, J.—As early as 1858, plaintiff and his brother, J. M. Henderson, appropriated and used the water in controversy in this cause, and plaintiff has continued to use one half of it ever since, until prevented by the acts of the defendants. The conveyance of J. M. Henderson to Latori and others of the interest described in it, which was afterwards transferred to defendant George Nicholas, at most only conveyed his interest in the water-right, and did not affect the interest of plaintiff. One partner can convey only his interest. We know of no rule of law by which he could convey more. The right which defendant George Nicholas acquired from the United States was subject to the water-right of plaintiff. (Rev. Stats. U. S. §§ 2339, 2340.)

The judgment, however, herein should more definitely describe the interest of the plaintiff designed to be protected by it. The last clause in the judgment should be modified so as to read as follows:—

"It is further ordered, adjudged, and decreed that the plaintiff is the owner by prior appropriation of and entitled to use one half of the waters of McKenney's creek to the extent of the capacity of the ditch described in the complaint herein, which capacity is one hundred and twenty-five inches, for irrigating his garden and other useful purposes, but plaintiff's right herein adjudged does not exceed one half of the capacity of said ditch; and it is further adjudged that he is entitled to the use of said ditch for the flow of the waters hereby decreed to him."

"And it is further ordered and adjudged that the defendants herein, their agents, employees, and servants, are hereby perpetually enjoined and restrained from interfering in any way with plaintiff's rights to said water and the use of the ditch hereby decreed to him."

The portion of the decree as to the costs and damages is correct, and will remain unchanged.

We find no other error in the record. The cause is remanded,

to the court below with a direction to modify the decree in the manner above pointed out.

Ordered accordingly.

SHARPSTEIN, J., and MYRICK, J., concurred.

Hearing in Bank denied.